# NO. 12-13-00368-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FERNANDO SAUCEDO,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Fernando Saucedo appeals his conviction for driving while intoxicated. Appellant's counsel filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We modify and affirm as modified.

## BACKGROUND

A Smith County grand jury indicted Appellant for the felony offense of driving while intoxicated. In addition to the offense, the indictment alleged that Appellant was an habitual offender and that he used or exhibited a deadly weapon, namely, a motor vehicle, during the commission of the offense. Appellant pleaded "not guilty" and a jury trial was held. Ultimately, the jury found Appellant "guilty" of the offense and made an affirmative deadly weapon finding. During the punishment phase, the jury found the enhancement paragraph in the indictment "true," and assessed Appellant's punishment at twenty years of imprisonment with a $10,000.00 fine. This appeal followed.

<u>ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*</u>

Appellant's counsel has filed a brief in compliance with **Anders** and **Gainous**. Counsel states that he has reviewed the appellate record and that he is unable to find any reversible error or jurisdictional defects. In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states why counsel is unable to present any arguable issues for appeal.[1] *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; **Gainous**, 436 S.W.2d at 138; *see also* **Penson v. Ohio**, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988). We have considered counsel's brief and conducted our own independent review of the record. We found no reversible error. *See* **Bledsoe v. State**, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We note, however, that the trial court's judgment incorrectly reflects a fine of $0.00. We have authority to modify a judgment to speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); **Bigley v. State**, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); **Asberry v. State**, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The jury assessed Appellant's punishment at twenty years in prison with a $10,000.00 fine. Therefore, the trial court's judgment should be modified to reflect that the fine is $10,000.00.

<u>CONCLUSION</u>

As required, Appellant's counsel has moved for leave to withdraw. *See **In re Schulman***, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); **Stafford v. State**, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (en banc). We agree with Appellant's counsel that the appeal is wholly frivolous, and **grant** his motion for leave to withdraw. We *modify* the trial court's judgment to reflect that the fine assessed is $10,000.00, and *affirm* the judgment *as modified*. *See* TEX. R. APP. P. 43.2(b); **Bray v. State**, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that appellate court has authority to reform judgment in *Anders* appeal and affirm judgment as reformed).

Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for

---

[1] Counsel states in his motion to withdraw that he provided Appellant with a copy of his brief. Appellant was given time to file his own brief in this cause. The time for filing such brief has expired, and we have received no pro se brief.

discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review on his behalf or he must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days after either the date of this court's judgment or the date the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2(a). Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered October 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

3



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 30, 2015**

**NO. 12-13-00368-CR**

**FERNANDO SAUCEDO,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-1144-13)

THIS CAUSE came on to be heard on the appellate record and the brief filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's judgment below be **modified** to reflect that the fine assessed is $10,000.00; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*